In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Gerald D. STANGE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Gerald D. STANGE, Respondent.

Supreme Court

*No. 2011AP1663–D. Decided June 27, 2012.*

2012 WI 66

(Also reported in 815 N.W.2d 384.)

¶ 1. PER CURIAM. This case is before us under SCR 22.14(2)[1] and SCR 22.17(2)[2] on a stipulation between the parties, Attorney Gerald D. Stange and the Office of Lawyer Regulation (OLR). In the stipulation, Attorney Stange pled no contest to all 54 counts of misconduct alleged in the OLR's complaint involving a variety of client matters. Attorney Stange reserved his right to be heard on the matter of sanctions. After holding a hearing on sanctions and receiving post-hearing briefs, the referee issued a report recommend-

[1] SCR 22.14(2) states:

The respondent may by answer plead no contest to allegations of misconduct in the complaint. The referee shall make a determination of misconduct in respect to each allegation to which no contest is pleaded and for which the referee finds an adequate factual basis in the record. In a subsequent disciplinary or reinstatement proceeding, it shall be conclusively presumed that the respondent engaged in the misconduct determined on the basis of a no contest plea.

[2] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

644

ing that the court revoke Attorney Stange's license, order Attorney Stange to pay restitution in the amount of $200,544.38 before interest ($152,652.12 of which is owed to the Wisconsin Lawyers' Fund for Client Protection), and order Attorney Stange to pay the full costs of this proceeding, which total $13,202.44 as of May 9, 2012.

¶ 2. We approve the stipulation and adopt the stipulated findings of fact and conclusions of law. We agree with the referee's conclusion that Attorney Stange's professional misconduct warrants the revocation of Attorney Stange's Wisconsin law license. We further order that Attorney Stange make restitution to various clients and the Wisconsin Lawyers' Fund for Client Protection (the Fund) as outlined below, and that he pay the full costs of this disciplinary proceeding.

¶ 3. Attorney Stange was admitted to practice law in Wisconsin in 1977. His disciplinary history consists of a private reprimand imposed in 1997 for failing over extended periods of time to obtain, complete, and file required documentation to complete three estates with reasonable diligence and promptness. Private Reprimand No. 1997–1.

¶ 4. On July 21, 2011, the OLR filed a complaint against Attorney Stange consisting of some 350 separately numbered paragraphs describing 54 counts of misconduct in connection with Attorney Stange's work on over 20 trust and estate matters. Attorney Stange filed an answer to the OLR's complaint in which he generally denied most of the 54 counts of misconduct alleged in the complaint. Before the scheduled hearing on the complaint, Attorney Stange entered into the stipulation now before the court, in which he withdrew his answer and pled no contest to all 54 counts.

¶ 5. The referee, Robert E. Kinney, accepted all of the factual allegations of the complaint as his findings of fact. Based on those facts, the referee concluded that Attorney Stange had engaged in 54 separate acts of professional misconduct.

¶ 6. Given the volume of the factual findings and legal conclusions made by the referee, we do not repeat them all here. It is sufficient to provide the following summary information concerning the serious misconduct at issue in this matter.

¶ 7. The stipulation provided and the referee concluded that, contrary to SCR 20:1.3,[3] Attorney Stange failed to act with diligence and promptness during his work on the estates of the following individuals: J.W. (Count 1), A.G. (Count 6), J.K. (Count 7), C.W. (Count 8), A.W. (Count 9), M.I. (Count 10), B.L. (Count 13), R.G. (Count 21), A.H. (Count 29), L.K. (Count 34), U.P. (Count 37), and D.B. (Count 43).

¶ 8. The stipulation provided and the referee concluded that, contrary to SCR 20:1.15(f)(1)a.4[4] and SCR 20:1:15(f)(1)g.,[5] Attorney Stange failed to keep complete and accurate trust account records during his work on the Estate of J.W. (Count 5).

---

[3] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[4] SCR 20:1.15(f)(1)a.4 provides: "The transaction register shall contain a chronological record of all account transactions, and shall include all of the following: 4. the identity of the client for whom funds were deposited or disbursed."

[5] SCR 20:1.15(f)(1)g. provides:

> For each trust account, the lawyer shall prepare and retain a printed reconciliation report on a regular and periodic basis not less frequently than every 30 days. Each reconciliation report shall show all of the following balances and verify that they are identical:

> 1. the balance that appears in the transaction register as of the reporting date;

¶ 9. The stipulation provided and the referee concluded that, contrary to SCR 20:1.15(b)[6] as in effect prior to July 1, 2004, and SCR 20:1.15(d)(1)[7] as in effect thereafter, Attorney Stange failed to properly disburse funds during his work on the estates of M.I. (Count 11), B.L. (Count 15), M.F. (Count 19), R.G. (Count 22), F.Z. (Count 27), A.H. (Count 30), L.K. (Count 35), U.P. (Count 38), D.B. (Count 40), and in his handling of trust account funds on behalf of A.S. (Count 45).

¶ 10. The stipulation provided and the referee concluded that, contrary to SCR 20:1.15(b)(3),[8] Attorney Stange improperly retained funds in his trust account during his work on the Estate of M.E. (Count 18).

¶ 11. The stipulation provided and the referee concluded that, contrary to SCR 20:1.15(d)(2),[9]

2. the total of all subsidiary ledger balances for IOLTA accounts and other pooled accounts, determined by listing and totaling the balances in the individual client ledgers and the ledger for account fees and charges, as of the reporting date; and

3. the adjusted balance, determined by adding outstanding deposits and other credits to the balance in the financial institution's monthly statement and subtracting outstanding checks and other deductions from the balance in the monthly statement.

[6] SCR 20:1.15(b), as in effect prior to July 1, 2004, provided in pertinent part: "[A] lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive . . . ."

[7] SCR 20:1.15(d)(1) (effective July 1, 2004) provides in pertinent part: "[T]he lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive."

[8] SCR 20:1.15(b)(3) provides: "No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay monthly account service charges, may be deposited or retained in a trust account."

[9] SCR 20:1.15(d)(2) provides: "Upon final distribution of

Attorney Stange failed to provide a full written accounting in the Estate of R.G. (Count 23).

¶ 12. The stipulation provided and the referee concluded that, contrary to SCR 20:3.3(a)(1)[10] as in effect in 2006, Attorney Stange knowingly made false statements to a tribunal during his work on the estates of B.L. (Count 14) and F.Z. (Count 26).

¶ 13. The stipulation provided and the referee concluded that, contrary to SCR 20:3.3(a)(1),[11] effective July 1, 2007, Attorney Stange knowingly made false statements to a tribunal during his work on the Estate of A.H. (Count 31).

¶ 14. The stipulation provided and the referee concluded that, contrary to SCR 20:3.4(c)[12] and SCR 20:1.16(d),[13] Attorney Stange knowingly disobeyed a

---

any trust property or upon request by the client or a 3rd party having an ownership interest in the property, the lawyer shall promptly render a full written accounting regarding the property."

[10] SCR 20:3.3(a)(1), as it was in effect in 2006, provided that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal; . . . ."

[11] SCR 20:3.3(a)(1) (effective July 1, 2007) provides that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; . . . ."

[12] SCR 20:3.4(c) states a lawyer shall not knowingly "disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; . . . ."

[13] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of

court order and failed to take steps reasonably practical to protect a client's interests during his work on the Estate of D.B. (Count 44).

¶ 15. The stipulation provided and the referee concluded that, contrary to SCR 20:8.4(c),[14] Attorney Stange engaged in dishonesty, fraud, deceit, or misrepresentation during his work on the estates of M.I. (Count 12), B.L. (Count 16), H.M. (Count 20), R.G. (Count 24), F.Z. (Count 28), A.H. (Count 33), L.K. (Count 36), U.P. (Count 39), D.B. (Count 41), I.L. (Count 51), E.L. (Count 52), and L.L. (Count 53), and in his handling of trust account funds on behalf of G.F. (Count 47), R.L. (Count 48), and M.P. (Count 49).

¶ 16. The stipulation provided and the referee concluded that, contrary to SCR 20:8.4(c), by writing trust account checks to himself totaling $71,161.56 for which no client was identified, thereby creating shortfalls in the funds available to pay clients and third parties the amounts they were entitled to receive, Attorney Stange misappropriated client funds from his trust account and thereby engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation (Count 54).

¶ 17. The stipulation provided and the referee concluded that, contrary to SCR 22.03(2)[15] and SCR

---

fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[14] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[15] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires

20:8.4(h),[16] Attorney Stange failed to fully and fairly disclose to the OLR all facts and circumstances pertaining to alleged misconduct during his work on the Estate of J.W., and failed to cooperate in the OLR's investigation into that work (Count 2).

¶ 18. The stipulation provided and the referee concluded that, contrary to SCR 22.03(6),[17] Attorney Stange willfully failed to provide relevant information, fully answer questions, or furnish documents in the course of the OLR's investigation into his work on the Estate of D.B. (Count 42).

¶ 19. The stipulation provided and the referee concluded that, contrary to SCR 22.03(6) and SCR 20:8.4(h), Attorney Stange failed to cooperate with, and willfully failed to provide relevant information, fully answer questions, or furnish documents in the course of, the OLR's investigation into his work on the estates

otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[16] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

[17] SCR 22.03(6) provides as follows: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

of J.W. (Count 3), B.L. (Count 17), R.G. (Count 25), and A.H. (Count 32), and the OLR's investigation into his handling of trust account funds on behalf of A.S. (Count 46) and M.P. (Count 50).

¶ 20. Finally, the stipulation provided and the referee concluded that, contrary to SCR 20:1.15(e)(7),[18] Attorney Stange failed to produce trust account records during the OLR's investigation into his work on the Estate of J.W. (Count 4).

¶ 21. Because Attorney Stange pled no contest to the above counts of misconduct, the only disputed issue for the referee to decide was the level of discipline to be imposed. Counsel for the OLR argued for revocation with an order for payment of full restitution and all costs; Attorney Stange argued for a two-year suspension with restitution.

¶ 22. The referee agreed with the OLR's recommendation. In his report, the referee recommended revocation with an order for payment of full restitution, totaling $200,544.38 before interest. Of that amount, the referee determined that $152,652.12 is owed to the Fund as reimbursement for payments the Fund made to Attorney Stange's victims. The referee further recommended the imposition of full costs, which total $13,202.44 as of May 9, 2012.

---

[18] SCR 20:1.15(e)(7) states:

All trust account records have public aspects related to a lawyer's fitness to practice. Upon request of the office of lawyer regulation, or upon direction of the supreme court, the records shall be submitted to the office of lawyer regulation for its inspection, audit, use, and evidence under any conditions to protect the privilege of clients that the court may provide. The records, or an audit of the records, shall be produced at any disciplinary proceeding involving the lawyer, whenever material. Failure to produce the records constitutes unprofessional conduct and grounds for disciplinary action.

¶ 23. In reaching this recommendation, the referee noted, among other things, Attorney Stange's repeated lack of candor with courts, clients, estate beneficiaries, and his fellow attorneys; the significant delays caused by Attorney Stange's late, incomplete, and inconsistent responses to the OLR; the particular vulnerability of many of Attorney Stange's clients and their beneficiaries, including charitable organizations; Attorney Stange's indifference to making his victims whole; and the similarity between the misconduct involved in this case and that involved in Attorney Stange's 1997 private reprimand for failing to timely prepare and file required documentation in several estate proceedings. The referee also noted that although Attorney Stange's decision to plead no contest to all charges eliminated the need for a lengthy and difficult hearing, there was little doubt of what the outcome of such a hearing would have been given the vast documentary evidence of misconduct assembled by the OLR. The referee also noted that Attorney Stange's excuses for his conduct—the time and financial stresses of his solo practice and his mother's medical problems —were not sufficiently unique or compelling as to constitute mitigating factors. Finally, the referee noted that there appears to be no other disciplinary case with misconduct this severe that did not result in license revocation.

¶ 24. Because no appeal was filed from the referee's report and recommendation, our review proceeds pursuant to SCR 22.17(2). When reviewing a report and recommendation in an attorney disciplinary proceeding, we affirm a referee's findings of fact unless they are found to be clearly erroneous. *In re Disciplinary Proceedings Against Inglimo,* 2007 WI 126, ¶ 5, 305

Wis. 2d 71, 740 N.W.2d 125. We review the referee's conclusions of law, however, on a de novo basis. *Id.* Finally, we determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. *In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

██

¶ 25. We adopt the findings of fact and conclusions of law to which the parties have stipulated, and as adopted by the referee. We agree with the referee that Attorney Stange's misconduct warrants the revocation of his Wisconsin law license. Attorney Stange's mishandling of client matters, his misappropriation of client funds, his pattern of dishonesty, and his failure to fully and forthrightly cooperate with the OLR demonstrate that he does not appreciate the obligations that apply to an individual who has been granted a Wisconsin law license. By his deceitful, dishonest, and unprofessional conduct, Attorney Stange has forfeited the privilege of practicing law in this state.

¶ 26. Because this case presents no extraordinary circumstances, we further determine that Attorney Stange should be required to pay the full costs of this matter. *See* SCR 22.24(1m) (supreme court's general policy upon a finding of misconduct is to impose all costs upon the respondent attorney).

¶ 27. Finally, we turn to the issue of restitution. The OLR seeks restitution in specific amounts for sums that the Fund paid to certain injured clients and for other sums that Attorney Stange misappropriated from other specified clients. Attorney Stange had multiple opportunities to object to the restitution amounts before both the referee and this court. He has not done so.

Consequently, we determine that Attorney Stange should be ordered to pay restitution to the entities and in the amounts requested by the OLR and as set forth below.

¶ 28. IT IS ORDERED that the license of Gerald D. Stange to practice law in Wisconsin is revoked, effective as of the date of this order.

¶ 29. IT IS FURTHER ORDERED that Gerald D. Stange shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶ 30. IT IS FURTHER ORDERED that within 60 days of the date of this order Gerald D. Stange shall pay restitution plus interest at the legal rate. *See* Wis. Stat. § 138.04. Restitution shall be paid as follows:

- $152,652.12 plus interest to the Wisconsin Lawyers' Fund for Client Protection ($102,652.12 regarding the Estate of L.K., plus interest from December 11, 2006; $50,000.00 regarding the Estate of D.B., plus interest from December 21, 2007);

- $26,653.65 plus interest from July 23, 2001, to the Estate of M.I.;

- $1,472.50 plus interest from June 14, 2006, to the Estate of H.M.;

- $14,943.98[19] plus interest from March 2, 2006, to the Estate of A.H.; and

- $4,822.13 plus interest from July 3, 2007, to the Estate of U.P.

[19] We note that the referee's report lists this figure as $14,953.98. This $10 discrepancy appears to be a typographical error, as the parties stipulated to restitution of $14,943.98 for the Estate of A.H.

¶ 31. IT IS FURTHER ORDERED that within 60 days of the date of this order, Gerald D. Stange shall pay to the Office of Lawyer Regulation the imposed costs of this proceeding.

¶ 32. IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.